The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act at all relevant times.
2. Old Republic was the carrier on the risk, with Crawford Company as the servicing agent.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff's average weekly wage was $270.00, which yields a weekly compensation rate of $180.00.
5. The plaintiff sustained as admittedly compensable injury by accident arising out of and in the course of his employment on October 7, 1991.
6. The issue for determination is whether the plaintiff is entitled to benefits under the Act as a result of the admittedly compensable injury.
7. The parties stipulated twenty-eight pages of medical reports into the record.
*******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On October 7, 1991, the plaintiff was employed as general laborer, where his duties included unloading rolls of cloth and moving it about in the work area.
2. On October 7, 1991, the plaintiff was unloading fifty pound rolls of cloth when the rolls slipped off the skid. As the plaintiff was restocking the cloth, his supervisor Howard Lytle hit the electric lift, causing it to move abruptly and strike the plaintiff in the right elbow.
3. The plaintiff complained to his supervisor about the elbow pain throughout 1991 and 1992, but did not receive treatment.
4. The plaintiff first received medical treatment for the elbow in September of 1993 from Dr. E. Brown Crosby. Dr. Crosby recommended surgery to excise the discoid lesion which he identified as a chronic olecranon bursa.
5. The defendants filed a Form 19 Report of Injury on September 29, 1993, even though the form noted that the plaintiff had immediately notified his supervisor on October 9, 1991.
6. In April of 1994, the plaintiff sought a second opinion from Dr. Robert Eaton, who agreed that surgery was appropriate. Both Drs. Eaton and Crosby recommended the surgery to provide relief of the elbow lesion.
7. The defendants refused to authorize surgery for the discoid lesion.
8. Russell B. Hilliard, Sr., performed translator services at the hearing, as the plaintiff is a Hispanic male who speaks little English.
*******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
As a result of the compensable injury on October 7, 1991, the plaintiff is entitled to have defendants pay for medical expenses incurred or to be incurred as may be required to provide relief, effect a cure or lessen his period of disability, including the surgery recommended by both Drs. Eaton and Crosby for the discoid lesion of the right elbow. N.C. GEN. STAT. 97-2(19).
*******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. As the plaintiff has not reached maximum medical improvement, this Opinion does not address this issue. However, in the event that the parties should be unable to agree on the amount of permanent partial disability compensation which may be due plaintiff, either party may request a hearing from the Commission to resolve this matter.
2. Defendants shall pay medical expenses incurred or to be incurred as a result of the compensable injury to his right elbow, including the surgery to excise this lesion.
3. Defendants shall pay the costs, including an additional expert witness fee of $80.00 to Robert Eaton, M.D. for the second deposition provided in this matter, and a fee for translator services in the amount of $40.00 to Russell B. Hilliard, Sr.
4. IT IS FURTHER ORDERED that a penalty of $25.00 be imposed due to defendants' failure to timely file the I.C. Form 19 within five days of notice of the injury, in accordance with N.C. GEN. STAT. 97-92(a) and (e).
 S/ ______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________ DIANNE C. SELLERS COMMISSIONER
S/ ______________________ THOMAS J. BOLCH COMMISSIONER